In re Cynthia A. REID, Debtor.

No. 02–34592.

United States Bankruptcy Court, W.D. Kentucky.

Nov. 21, 2008.

Paul Musselwhite, Radcliff, KY, William Koehler, Louisville, KY, for Debtor.

### MEMORANDUM–OPINION–ORDER

JOAN A. LLOYD, Bankruptcy Judge.

This matter is before the Court on the Motions to Allow Claims of Bob Thompson Construction Company filed by Debtor Cynthia Reid ("Debtor") and the Objections thereto of Trustee J. Baxter Schilling ("Trustee") to both Motions of the Debtor. The Court considered the Motions of the Debtor, the Objections of the Trustee and the comments of counsel for the parties at the hearing held on the matter. The Court **DENIES** both Motions.

Debtor filed two Motions to Allow Claims of Bob Thompson Construction Company in the total amount of $15,044.34. Bob Thompson, owner of Bob Thompson Construction Company, made $15,044.34 in post-petition mortgage payments on real estate owned by the Debtor. These payments reduced the balance owed by Debtor to the Bank of Magnolia, increased Debtor's equity in the property and prevented the property from being foreclosed upon by the Bank.

Debtor seeks an Order authorizing payment of Bob Thompson Construction Company's claims as administrative expenses pursuant to 11 U.S.C. § 503. Under § 503, administrative expenses include the actual, necessary costs and expenses of preserving the estate, including those incurred by a creditor. To qualify as an actual and necessary expense, the expenditure must benefit the estate as a whole. *In re Jartran, Inc.,* 886 F.2d 859, 871 (7th Cir.1989). Administrative expense claims should be narrowly construed in order to keep administrative expenses at a minimum and thus preserve the estate for the benefit of all creditors. *In re Federated Dept. Stores, Inc.,* 270 F.3d 994 (6th Cir.2001). The administrative claimant has the burden of proving entitlement to an administrative expense by the preponderance of the evidence and must demonstrate that the benefit is more than speculative or a potential benefit. *In re HNRC Dissolution Co.,* 343 B.R. 839 (Bankr.E.D.Ky.2006).

Bob Thompson is a personal friend and the former boyfriend of the Debtor. He was also the Debtor's ad hoc employer and not a creditor of the estate. Thompson was not a joint debtor on this property. He had no ownership interest in the

real estate. The payments made by Bob Thompson Construction Company were voluntary payments made post-petition which prevented another creditor from foreclosing on estate property. While the payments were actual, there was no evidence that they were necessary as defined under 11 U.S.C. § 503.

The Trustee contends that he was in favor of a foreclosure sale and that the payments made by Thompson did not benefit the estate. Instead, according to the Trustee, Debtor attempted to gain access to the sale proceeds at closing and would have dissipated the proceeds before Trustee could administer this asset. Given Debtor's prior actions in this case, the Court agrees that the payments did not benefit the estate.

Additionally, on June 9, 2008, following an evidentiary hearing, this Court ruled that the sale proceeds from the real estate were property of the estate pursuant to 11 U.S.C. § 541. The Court specifically stated in that Order that the Trustee was to administer and pay claims in accordance with the distribution scheme of the United States Bankruptcy Code. Upon full administration of the estate assets any remaining claims to any excess sale proceeds were to be resolved by the Greene Circuit Court. Since this Court finds that the claims of Bob Thompson Construction Company are not claims entitled to administrative priority, these issues are to be resolved by the Greene Circuit Court following full administration of this estate by the Trustee.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the two Motions to Allow Claims of Bob Thompson Construction Company, be and hereby are, **DENIED.**